THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JAMES BALL and SARAH BALL, individually and on behalf of J.B.,  ) | |
| Plaintiffs,  ) | Case No. 1:11CV00028 DS |
| vs.  ) | |
|   ) | MEMORANDUM DECISION |
| DIVISION OF CHILD AND FAMILY SERVICES, DAVIS COUNTY, MARIBETH MAYFIELD, HEATHER BAKER, ROSIE HOLMES, DANNY THOMAS, JOSEPH LEIKER, DEANN TAYLOR, MARK ROBERTSON, JOANN CARPER, TEENA CARPER, SCOTT CARPER, and DOES 1-10,  ) | |
| Defendants.  ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the court on the defendants' Division of Child and Family Services ("DCFS"), Maribeth Mayfield, Rosie Holmes, Danny Thomas, Joseph Leiker, DeAnn Taylor, and Mark Robertson (hereafter collectively "State Defendants") motion to dismiss pursuant to Fed.R.Civ.P. 12(c) providing for judgment on the pleadings. (Doc. # 40) The basis of defendants Division of Child and Family Services, DeAnn Taylor and Mark Robertson's motion to dismiss is the doctrine of sovereign immunity. Each of the individual State Defendants, Mark Robertson, Maribeth Mayfield, Rosie Holmes, Danny Thomas, Joseph Leiker, and DeAnn Taylor request

that plaintiffs' Amended Complaint be dismissed with prejudice based on the doctrine of qualified immunity.

The court has received and reviewed briefing from all parties on the State Defendants' motion to dismiss and is prepared to rule without the assistance of oral argument. *See* DUCivR 7-1(f).

I. Legal Standard

A motion of judgment on the pleadings is subject to the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut Auto Ins. Co.*, 419 F. 3d 1117, 1119 (10th Cir. 2005). In *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court changed the way a motion to dismiss is analyzed. Previously, a complaint was sufficient "unless it appeared without a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). After *Twombly* the complaint must plead sufficient facts, that when take as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Twombly*, 127 S.Ct. at 1965. The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for

relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). Accordingly, given the State Defendants' assertion that they accept the facts as plead in the Amended Complaint, the court will not restate those facts here but incorporates them by this reference.

II. Analysis

Turning to the State Defendants' arguments regarding sovereign immunity, there is no dispute about the legal standard. States, state agencies, and state officials acting in their official capacities are not "persons" acting under color of state law. And as such, they are covered by Eleventh Amendment sovereign immunity which bars claims against these defendants unless the state has waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The State of Utah has not waived immunity for the Plaintiffs' causes of action. *See* Utah Code Ann. § 63g-7-101 *et seq.* (2010). Plaintiffs did not challenge the dismissal of DCFS

based on the doctrine of sovereign immunity. Accordingly, plaintiffs' claims against DCFS are dismissed with prejudice.

The plaintiffs' First through fifth Causes of Action against State Officials Mark Robertson and DeAnn Taylor allege failure to properly supervise, train, and investigate defendants Mayfield, Baker, Holmes and Leiker; ratification of these defendants Mayfield, Baker, Holmes and Leiker's conduct; and, the policy, practice, and custom of condoning the conduct of these individual state defendants acting in their official capacity. Nevertheless, plaintiffs acknowledge that personal liability under § 1983 cannot be based on a theory of respondeat superior; rather "under § 1983 {personal liability] must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). And despite plaintiffs' assertion and citation to 10th Circuit authority that where an affirmative link exists between the constitutional deprivation alleged and either the supervisors' exercise of control or direction, or their failure to supervise, plaintiffs have not plead facts which meet the "affirmative link" threshold. To be more specific, as noted by defendants, "there is not one factual allegation" made against defendants Robertson and Taylor in the Amended Complaint. *See* State Defs. Memo in Support at 3. Accordingly, based on the facts alleged in the Amended Complaint and the law as stated in *J.W. v. State of Utah*, 647 F.3d 1006,1010-12 (10th Cir. 2011), plaintiffs' claims

4

against Robertson and Taylor in their official capacity are barred by the doctrine of sovereign immunity.

In addition, even accepting all facts as plead in the Amended Complaint and construing the plaintiffs' allegations in the light most favorable to claimants, the court finds that each of the state officials acting in their individual capacity are entitled to qualified immunity with regard to how they acted in pursuit of obtaining the Removal Order and how they behaved after the order was issued.

"Qualified immunity is designed to shield public officials from liability and ensure that erroneous suits do not even go to trial." *Oliver v. Woods*, 209 F.3d 1179, 1185 (10th Cir. 2000). Furthermore, the Tenth circuit has held that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2006). The Supreme court has given further definition by stating that "[q]ualified immunity shields an [official from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 125 S. Ct. 596, 599 (2004). And finally, as noted by both plaintiffs and defendants in the briefs provided to the court, qualified immunity may be denied, "only if, on an objective basis, it is obvious that no reasonably competent [official] would have concluded the actions were constitutional."

*Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006). Accordingly, with the defendants having asserted immunity, plaintiffs must prove (1) that the facts alleged make out a violation of a constitutional right, and/or (2) that a reasonable municipal official would have known they were violating such a constitutional right. *Pearson v. Callahan*, 120 S. Ct. 808, 816 (2009).

Plaintiffs allege "harassing and threatening conduct," "filing false reports and lying," "discrimination" against Mr. Ball because of suspected Asperger's Syndrome, and abuse of power and undue delay in establishing visitation and reunification of the plaintiffs' family. These statements are, however, conclusions with insufficient factual support. As stated above, allegations must be enough that, if assumed to be true, the plaintiffs plausibly (not just speculatively) have a claim for relief. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). The factual allegations upon which plaintiffs base their conclusory allegations involve beginning a child abuse investigation based on the request of the child's grandparents; requesting that the parents sign a safety agreement; presenting options for protection from domestic violence, and establishing conditions with respect to domestic violence counseling in order for the child to remain in the home.

These facts as well as the others presented in plaintiffs' Answer to the motion to dismiss, as opposed to the conclusions plaintiffs have drawn, resulted in a state court Order of removal

to which plaintiffs were parties.[1] In addition, even accepting that the individual defendants made false statements once the removal proceedings were requested by the grandparents, their actions are protected. *See Cline II v. State of Utah*, 2005 UT App 498, ¶ 18, where the Utah court of Appeals held that even deliberate falsehoods presented by a state official did not affect application of the doctrine of qualified immunity where, as here, plaintiffs could have challenged the allegedly false statements in the state court removal setting where they were afforded all necessary procedural due process and were not unconstitutionally deprived of the right of association.  Nothing in the 9th Circuit case presented by plaintiffs compels a contrary conclusion.[2]

In short, the court cannot deduce from the factual statements in the Amended Complaint that any of the individual defendants committed a constitutional violation. Furthermore, plaintiffs have not made a "substantial showing of deliberate falsehood or reckless disregard for the truth" as required by the Tenth Circuit. *See Jones v. Thomas,* 1992 WL 367908 (10th Cir.) (unpublished)(internal citations omitted).

---

[1] Because the court concludes that the immunity doctrine clearly precludes this suit against the State and the individual State Defendants the court will not address the effects of the *Rooker-Feldman* doctrine*. See PJ ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1194 (10th Cir. 2010).

[2] *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1109 (9th Cir. 2009).

With respect to plaintiffs' allegation that their subjective and objective expectation of privacy was violated by the actions of the State Defendants, neither the recording of their visit with J.B. nor revelation of the psychological test results to J.B.'s foster parents created a constitutional violation.  In the context of child abuse investigations, both are reasonable precautions to take. Plaintiffs' cited no supporting authority for their proposition that these actions amounted to constitutional violations while the State Defendants presented compelling argument and authority justifying the actions of the State Defendants on both counts.  The court incorporates pages 5-6 of the State Defendants' Reply Memo herein by reference.

Finally, the court notes, as argued by the State Defendants, that the Utah Governmental Immunity Act requires that when a claim is brought against a government employee in their individual capacity such a claim must allege that: "the employee acted or failed to act through fraud or willful misconduct[,]" Utah Code Ann. § 63G-7-202(3)(c)(i)(2009).  *See* State Defendants' Reply Memo at 8. "Further, in *Thomson v. Salt Lake County,* 584 F.3d 1304, 1322-24 (10th Cir. 2009), the Tenth Circuit held that: 'Under the Utah Governmental Immunity Act, a plaintiff's claim against a governmental entity or employee is barred by sovereign immunity unless the plaintiff can demonstrate that the government officials 'acted or failed to act through fraud or malice.' Utah Code Ann. §

63-304(3)(b)(i)(2003)." Even accepting as true each of plaintiffs allegations about the harassing, threatening, discriminatory conduct, there is no allegation from which the court can find that defendants' conduct amounted to fraud, malice or willful misconduct.[3]

Plaintiffs' claims amount to opinion, conclusory statements, and subjective beliefs. Based on all the evidence presented by plaintiffs, the court finds that the plaintiffs failed to carry their burden of proving(1) that the facts alleged make out a violation of a constitutional right, and/or (2) that a reasonable municipal official would have known they were violating such a constitutional right. Accordingly, the State Defendants' motion to

---

[3] The State Defendants assert that plaintiffs have failed to file a notice of claim with regard to their state law claims, which is allegedly also fatal to such claims pursuant to Utah Code Ann. § 63G-7-402. The court will not address this argument given its finding that the plaintiffs' claims are barred by the immunity doctrine.

dismiss pursuant to Fed. R. Civ. P. 12(c) is granted and plaintiffs' claims against these defendants are dismissed with prejudice.[4]

SO ORDERED.

DATED this 19th day of April, 2012.

BY THE COURT:

*David Sam*
_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] By this reference, the court incorporates the State Defendants' arguments and authority contained in the briefing relating to this motion into this memorandum decision.