IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JAMES BALL and SARAH BALL, individually and on behalf of J.B., ) ) ) | |
| Plaintiffs, ) | Case No. 1:11CV00028 DS |
| vs. ) ) | MEMORANDUM DECISION |
| DIVISION OF CHILD AND FAMILY SERVICES, DAVIS COUNTY, MARIBETH MAYFIELD, HEATHER BAKER, ROSIE HOLMES, DANNY THOMAS, JOSEPH LEIKER, DEANN TAYLOR, MARK ROBERTSON, JOANN CARTER, TEENA CARPER, SCOTT CARPER, and DOES 1-10, ) ) ) ) ) ) | |
| Defendants. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Statement of Facts

Defendants Teena Carper, Scott Carper, and Joann Carper ("the Carper Defendants") submit a motion to dismiss Plaintiffs' claims. Plaintiffs seek to recover damages from the Carper Defendants under 42 U.S.C. § 1983, for violation of Plaintiffs' civil rights. *See* Pl.'s Am. Compl. ¶ 3. Plaintiffs' complaint asserts a single cause of action against the Carper Defendants for depriving the Plaintiffs "of their rights under the United States Constitution to the familial love, society and companionship of their daughter, and did intend to deprive the Balls of their rights of association, without substantive due process required by state statutes and protected by the substantive due process clause of the Fourteenth

Amendment." *Id.* at ¶ 59. Plaintiffs' complaint also presents causes of action against the Utah State Department of Child and Family Services ("DCFS"), Davis County, and certain individuals working for the aforementioned organizations, generally asserting that they failed to act reasonably in conducting their investigations. *See* Pl.'s Am. Compl.

Plaintiffs assert that in August 2009, Teena Carper, Scott Carper, and Joann Carper, sought to remove J.B. from the custody and care of her parents, Plaintiffs James and Sara Ball. *Id.* at ¶ 31. Joann Carper is Sarah Ball's biological mother. *Id.* at ¶ 32. Teena Carper is Sarah Ball's sister-in-law. *Id.* Scott Carper is Sarah Ball's brother-in-law. *Id.* Plaintiffs claim that the Carper Defendants improperly attempted to remove J.B. from her parents' custody and care by making reports to the Utah Division of Child and Family Safety ("DCFS") and to the Davis County Sherriff's office. *Id.* at ¶ 31. The Plaintiffs believe the Carpers sought to remove the child because of the Plaintiffs' decision to raise their child in a different religion than that of the Carpers. *Id.* at ¶ 33. It is alleged that Teena and Joann went to Beth Mayfield, a DCFS employee, "in an effort to spearhead the operation through DCFS." *Id.* at ¶ 35. Prior to this, Joann was working on an action against James with numerous police reports to the Davis County Sheriff. *Id.* The Plaintiffs also believe "Joann Carper used her close relationship with the Mayor of Bountiful in a smear campaign against James Ball." *Id.*

DCFS and Child Protective Services conducted an investigation as to the safety of J.B. in the Plaintiffs' custody. Specifically, the

2

DCFS investigated the possibility of prior cohabitant abuse by James Ball.  *Id.* at ¶ 39.  DCFS case workers visited the Plaintiffs' residence and met with Sara Ball.  *Id.* at ¶ 40.  DCFS observed the interactions of the Ball's and their child.  *Id.* at ¶¶ 46-47.  DCFS representatives communicated with counselors at Davis Behavioral Health regarding the assessment of James Ball and a treatment plan.  *Id.* at ¶ 50.

The Carper Defendants deny that they conspired in any way to harm the Plaintiffs or deprive them of any constitutional right.  The Carper Defendants argue that the Plaintiffs' claim is deficient because first, the Carper Defendants are not state actors; and second, even if they were state actors, the Carper Defendants are protected by the doctrine of qualified immunity.[1]  The Court agrees.

### Applicable Law/Analysis

*I.   State Actor Test*

To prevail on a cause of action under 42 U.S.C. § 1983 a plaintiff must prove first, that they have been deprived of a federal right, and second, that the deprivation was caused by a person acting under color of state law.  *See Johnson v. Rodrigues*, 293 F.3d 1196 (10th Cir. 2002).  A private citizen's conduct constitutes state action only if that person "may fairly be said to be a state actor." *Id.; citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A private actor becomes a state actor if one of four tests is satisfied: (A) the public function test, (B) the nexus test, (C) the symbiotic

---

[1] The court previously issued a memorandum decision dismissing all state defendants based on qualified immunity.

relationship test, and/or (D) the joint action test. *See Johnson* 293 F.3d at 1202.

Under the public function test, a private party becomes a state actor if he/she performs a function that is generally exclusively performed by the state itself. *Id*. at 1203. To qualify as an actor under the nexus test a private party must demonstrate "a close nexus between the government and the challenged conduct" such that a private person's conduct "may be fairly treated as that of the State itself." *Id.* "Under the . . . symbiotic relationship test, the state must have so far insinuated itself into a position of interdependence with [the] private party" that it and the private party are recognized as joint participants. *Id. at 1204.* Lastly, the joint action test is satisfied if the private person is a willful participant in joint action with the state. Generally this is acquired through a "substantial degree of cooperative action between the State and private [person]." *Id.* at 1205. Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454 (10th Cir. Utah 1995).

  I.   *The Carper Defendants are not state actors.*

The existing law provides that, in general, private persons do not become state actors when they report problems or concerns to appropriate state agencies. *See Brown*, 291 F.3d 89 (1st Cir. 2002). The Tenth Circuit has also recurrently concluded that citizens who make reports to the police are not state actors. *See Lee v. Town of*

4

*Estes Park*, 820 F.2d 1112 (10th Cir. 1987). In addition, DCFS has been found to act independently when completing investigations, and making custody determinations. *See Weaver v. State of Utah,* 2008 U.S. Dist. LEXIS 69746 (D. Utah 2008). Because private citizens are not generally considered state actors, the claimant must satisfy one of the four state actor tests.

 *A. The Carper Defendants are not state actors under the public function test.*

 By reporting their concerns to DCFS, the Carper Defendants did not perform a function generally exclusively performed by the state. The state encourages and should continue to support private individuals in reporting potential dangers and crimes to appropriate organizations. The Plaintiffs have not offered any evidence to convince the Court that the state conferred its authority to investigate custody and parental rights issues on the Carper Defendants.

 B. *The Carper Defendants are not state actors under the nexus test.*

 Plaintiffs' complaint does not present any allegation that DCFS or any other state authority exercised coercive power over the Carper Defendants or that the state provided significant encouragement to the Carper Defendants during the course of the investigation.

 C. *The Carper Defendants are not state actors under the symbiotic relationship test.*

 The Carper Defendants and the DCFS are not recognized as joint participants. The contact between DCFS and the Carper Defendants was casual and independent. The Carper Defendants provided a report to DCFS, upon which the DCFS commenced its own investigation. The Carper

Defendants did not maintain an ongoing relationship with DCFS after the submission of their report. There are no factual allegations present which indicate that the DCFS relied upon the Carper Defendants to perform investigative functions.

    D. *The Carper Defendants are not state actors under the joint action test*.

Plaintiffs argue that the Carper Defendants are private actors who have become state actors under the joint action test because they acted in concert in effecting a particular deprivation of constitutional rights. However, the joint action test requires a substantial degree of cooperative action between the private person and the state. The conduct of the Carper Defendants is independent and separate from the conduct of the DCFS. The complaint does not present factual allegations to establish that the Carper Defendants were involved in conducting the investigation or that DCFS gave the Carper Defendants subsequent assignments.

As set forth in the analysis above, the Carper Defendants are not state actors under the public function test, the nexus test, the symbiotic relationship test, and/or the joint action test.

    *II. The Doctrine of Qualified Immunity*

Under the doctrine of qualified immunity, state actors are immune from suit if the alleged wrongful conduct does not violate clearly established law. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Federal law is clearly established when there is a Supreme Court or Tenth Circuit decision on point or where the weight of authority from other jurisdictions provides clarity concerning the status of the law in a particular context. *See William v. City of Denver*, 99 F.3d 1009,

1020 (10th Cir. 1996). The Tenth Circuit has held that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001). Qualified immunity may be denied, "only if, on an objective basis, it is obvious that no reasonably competent [official] would have concluded that the actions were constitutional." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006). Once a defendant raises the issue of qualified immunity the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to the immunity. *See Akins v. Rodriquez*, 59 F.3d 1034 (10th Cir. 1995). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 26 (1985).

   *II. Even if the Carper Defendants were state actors, the Court dismisses Plaintiffs' claims pursuant to the Doctrine of Qualified Immunity.*

   Even if the Carper Defendants were state actors, they are entitled to the protections provided by the doctrine of qualified immunity. The Plaintiffs do not provide any cases to indicate that an actor violates clearly established law by reporting suspected abuse or danger to the relevant state authorities. The Carper Defendants report of suspected abuse to DCFS is not a sufficient basis for a civil rights action. Individuals should be encouraged to report concerns and dangers to the proper authorities. These reports ensure investigation by relevant authorities specialized in resolving

problems and dangers before they compound.

## Conclusion

The Court finds, based on the factual allegations in the Plaintiffs' Amended Complaint, that none of the Carper Defendants committed a constitutional violation. The Carper Defendants took reasonable precautions as private parties to report a case of possible child abuse to the DCFS. Furthermore, there is no factual basis to illustrate that the Carper Defendants continued to participate in the investigation jointly with the DCFS. Rather, the facts indicate that the DCFS took the sole and primary responsibility for conducting the investigation itself. Accordingly, Plaintiffs' claims against the Carper Defendants are dismissed because the Carper Defendants were not acting under color of state law. Alternatively, even if the Carper Defendants were state actors, the Court Plaintiffs' claims would fail based on the doctrine of qualified immunity.

IT IS SO ORDERED.

DATED this 14th day of June, 2012.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT