THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JAMES BALL and SARAH BALL, individually and on behalf of J.B., | |
| | Case No. 1:11CV00028 DS |
| Plaintiffs, | |
| vs. | |
| | MEMORANDUM DECISION |
| DIVISION OF CHILD AND FAMILY SERVICES, DAVIS COUNTY, MARIBETH MAYFIELD, HEATHER BAKER, ROSIE HOLMES, DANNY THOMAS, JOSEPH LEIKER, DEANN TAYLOR, MARK ROBERTSON, JOANN CARPER, TEENA CARPER, SCOTT CARPER, and DOES 1-10, | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF FACTS**

This matter is before the court on limited remand from the 10th Circuit to consider in the first instance whether any of the Balls' claims are barred by the *Rooker-Feldman* doctrine. *See* Order 3/29/13 [Docket No. 69] at 1–2.

Defendants Teena Carper, Scott Carper, and Joann Carper ("the Carper Defendants") submitted a motion to dismiss Plaintiffs' claims. Plaintiffs seek to recover damages from the Carper Defendants under 42 U.S.C. § 1983, for violation of Plaintiffs' civil rights. *See* Pl.'s Am. Compl. ¶ 3. Plaintiffs' complaint asserts a single cause of action against the Carper Defendants for depriving the Plaintiffs "of their rights under the United States Constitution to the familial love, society and companionship of their daughter, and did intend to deprive the Balls of their rights of association, without substantive due process required by state statutes and protected by the substantive due process clause of the Fourteenth Amendment." *Id*. at ¶ 59. Plaintiffs' complaint also presents causes of action against the Utah State Department of Child and Family Services ("DCFS"), Davis County, and certain individuals working for the aforementioned organizations, generally asserting that they failed to act reasonably in conducting their investigations. *See* Pl.'s Am. Compl.

Plaintiffs assert that in August 2009, Teena Carper, Scott Carper, and Joann Carper, sought to remove J.B. from the custody and care of her parents, Plaintiffs James and Sara Ball. *Id*. at ¶ 31. Joann Carper is Sarah Ball's biological mother. *Id*. at ¶ 32. Teena Carper is Sarah Ball's sister-in-law. *Id*. Scott Carper is Sarah Ball's brother-in-law. *Id*. Plaintiffs claim that the Carper Defendants improperly attempted to remove J.B. from her parents' custody and care by making reports to the Utah Division of Child and Family Safety ("DCFS") and to the Davis County Sherriff's office. *Id*. at ¶ 31. The Plaintiffs believe the Carpers sought to remove the child because of the Plaintiffs' decision to raise their child in a different religion than that of the Carpers. *Id*. at ¶ 33. It is alleged that Teena and Joann went to Beth Mayfield, a DCFS employee, "in an effort to spearhead the operation [of removing the child from parental care] through

DCFS." *Id*. at ¶ 35. Prior to this, Joann had allegedly taken action to slander James with numerous police reports to the Davis County Sheriff. *Id*. The Plaintiffs also believe "Joann Carper used her close relationship with the Mayor of Bountiful in a smear campaign against James Ball." *Id*.

DCFS and Child Protective Services conducted an investigation as to the safety of J.B. in the Plaintiffs' custody. Specifically, the DCFS investigated the possibility of prior cohabitant abuse by James Ball. *Id*. at ¶ 39. DCFS case workers visited the Plaintiffs' residence and met with Sara Ball. *Id*. at ¶ 40. DCFS observed the interactions of the Ball's and their child. *Id*. at ¶¶ 46-47. DCFS representatives communicated with counselors at Davis Behavioral Health regarding the assessment of James Ball and a treatment plan. *Id*. at ¶ 50.

The Carper Defendants denied that they conspired in any way to harm the Plaintiffs or deprive them of any constitutional right. The Carper Defendants argued that the Plaintiffs' claim is deficient because first, the Carper Defendants are not state actors; and second, even if they were state actors, the Carper Defendants are protected by the doctrine of qualified immunity. The Court agreed with the Carper Defendants and delivered a memorandum decision finding that based on the factual allegations in the Plaintiffs' Amended Complaint, none of the Carper Defendants committed a constitutional violation. *See* Memo. Decision 6/14/12 [Docket No. 60] at 8. Plaintiffs' claims against the Carper Defendants were dismissed because the Carper Defendants were not acting under color of state law. *Id.* The Court also found that alternatively, even if the Carper Defendants were state actors, the Plaintiffs' claims would fail based on the doctrine of qualified immunity. *Id.*

The Plaintiffs appealed to the 10th Circuit, which directed a limited remand to consider in the first instance whether any of the Balls' claims are barred by the *Rooker-Feldman* doctrine. *See* Order 3/29/13 [Docket No. 69] at 1–2.

## **ANALYSIS**

"[The] *Rooker-Feldman* [doctrine] precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (quoting *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 473 (10th Cir. 2002)). The doctrine "arises by negative inference from 28 U.S.C. § 1257(a), which allows parties to state court judgments to seek direct review in the Supreme Court of the United States, but not to appeal to the lower federal courts." *Id.*

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*quoted by PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010); *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1234 (10th Cir. 2006)). "[T]he type of judicial action barred by *Rooker–Feldman* consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (internal citations and quotations omitted). The *Rooker-Feldman* doctrine not only precludes injunctive or equitable relief that would reverse a state-court judgment, but also precludes the award of monetary damages to compensate for loss caused by state-court judgments. *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (stating that a

Plaintiff's claims in federal court seeking monetary damages against a variety of government actors and private individuals for the alleged violation of her constitutional rights occasioned by the Defendants' complicity with the state probate court's orders were barred by the *Rooker-Feldman* doctrine).

Plaintiffs assert that because "constitutional violations that are independent of any alleged injury caused by a state court ruling," the causes of action in this case "are not barred by *Rooker-Feldman*." Pl.'s Br. as to App. of Rooker-Feldman Doctrine [Docket No. 71] at 4. Plaintiffs further assert that because the state court ultimately returned their children to Plaintiffs' care, the Plaintiffs cannot be considered "state court losers" and therefore this case "does not involve Plaintiffs challenging the validity of a state court judgment or requesting that a state court judgment or order be voided or overturned on the basis of a misapplication of state law." *Id.* Plaintiffs assert several times that the *Rooker-Feldman* doctrine does not apply because the case "does not involve Plaintiffs challenging the validity of a state court judgment or requesting that a state court judgment or order be voided or overturned on the basis of a misapplication of state law." *Id*.

Conversely, Defendants assert that Plaintiffs' claims are all barred by the *Rooker-Feldman* doctrine because Plaintiffs are "state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." Def.s' Memo. Response Appl. of Rooker-Feldman Doct. [Docket No. 73] at 6 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Defendants argue that at its core, the *Rooker-Feldman* doctrine bars suits "complaining of injuries caused by state-court judgments." *Id.* at 7 (citing *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012)). Defendants

further assert that "each of Plaintiffs' claims rest on allegations concerning the order from the state court removal proceedings—that is—Plaintiffs' allegations are that their injuries were inflicted by the state court's decision." State Def.s' Resp. Brief [Docket No. 74] at 4. Defendants argue that because "an award of damages for any of the Plaintiffs' claims would require this Court to conclude that the Juvenile Court rulings were wrong, or at least were based on invalid grounds," this Court has no jurisdiction to hear this dispute. *Id.* at 4–5. Thus, the Defendants conclude that "[c]learly, when stripped to its core, the Balls' allegations are nothing more than a collateral attack on the state court judgment temporarily removing their parental rights." *Id.* at 5 (citing *Christensen v. Utah*, 2013 WL 3808669 at 2 (D. Utah, July 19, 2013)) (internal punctuation omitted).

Both Plaintiffs and Defendants cite *Davis v. Garcia* and this Court finds the facts contained therein relevant and the analysis by that court to be persuasive. In *Davis v. Garcia*, two parents brought suit against employees of the DCFS after their children were removed from the parent's custody. 2013 WL 3087561 at *3 (D. Utah June 18, 2013). Plaintiffs alleged that Defendants violated their Fourth Amendment rights when Defendants caused the removal of the children without a warrant and, allegedly, without probable cause. *Id.* at *9. Plaintiffs further claimed that their substantive and procedural due process rights under the Fourteenth Amendment were violated when Defendants removed the children based on allegedly false and unverified statements to the Juvenile Court. *Id.* Plaintiffs sought monetary damages for harm allegedly caused by the removal of the children from their custody. *Id.* While noting that "[t]he Rooker–Feldman doctrine does not deprive the district court of jurisdiction where only prospective relief is sought," the Court in *Davis* also considered that "claims seeking 'retrospective relief' invalidating past action or monetary damages as compensation for injury

caused actually and proximately by state court judgments would be barred under the *Rooker–Feldman* doctrine if 'success on the claims would require the district court to review and reject those judgments.'" *Id.* (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1238 (10th Cir. 2006). Finding that the Plaintiffs in *Davis* were "directly bound by the state-court judgment," *id.* at *10, that "all of the damages sought by Plaintiffs spr[u]ng from the state court orders dealing with the removal and custody of the children," *id.*, and that "Plaintiffs [were] seeking retrospective relief that would undo the state court judgment if successful," *id.* at *11, the Court held that the *Rooker-Feldman* doctrine was applicable to the claims brought by the Plaintiffs.

Similarly, in this case, Plaintiffs were "directly bound by the state-court judgment" and should be considered "state-court losers" under the *Rooker-Feldman* doctrine. *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1235 n. 2 (10th Cir. 2006); *Davis v. Garcia*, 2013 WL 3087561 at *3 (D. Utah June 18, 2013). While Plaintiffs cite several theories for recovery, all of Plaintiffs' alleged injuries arise directly from the removal of JB from Plaintiffs' home. *See* Am. Complaint [Docket No. 3] at 5, 9–16 (stating in several closely-worded paraphrases that the defendants violated Article IV, the Fourth and Fourteenth Amendment of the U.S. Constitution, restricting Plaintiffs' right to associate with their child, direct their child's education and development of religion without due process of law).[1] Presumably, if the state court were not to have ordered the removal of JB from the Plaintiffs' home there would be no injury to the Plaintiffs. Regardless of Plaintiffs' attempts at a tortured analysis to separate certain claims from the elements of the

---

[1] The first, second, sixth, and seventh causes of action unmistakably arise as a direct consequence of the state-court judgment. The Court finds the third, fourth, and fifth causes of action appear to similarly arise as a direct consequence of the state-court judgment, but these claims have not been plead or briefed in detail. However, even if it were found that the *Rooker-Feldman* doctrine does not apply to these causes of action the Court would find that these causes of action are barred under the same immunity analysis as contained in the now-vacated decision. To the extent that the *Rooker-Feldman* doctrine does not apply to any causes of action the Court hereby incorporates the analysis and determination from that decision by reference.

*Rooker-Feldman* doctrine, all of Plaintiffs' claims are rooted in "injuries caused by state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Finally, Plaintiffs seek retrospective relief in the form of monetary damages, or in other words, to be made whole in light of the injury caused by the state-court judgment. This type of retrospective relief would require this Court to review the judgment of the state court and is not allowable under the *Rooker-Feldman* doctrine. *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007).

Accordingly, because the Plaintiffs in this case are state-court losers who come to this Court complaining of injuries caused by a state-court judgment and seek for this Court to review and reject the decision of the state court the *Rooker-Feldman* doctrine is applicable and bars the Plaintiff's claims.

## CONCLUSION

The *Rooker-Feldman* doctrine limits the subject matter jurisdiction of federal district courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Where the *Rooker-Feldman* doctrine applies to claims brought before the federal district court, the federal district court lacks subject matter jurisdiction to hear the dispute. *Id.* "A court lacking [subject matter] jurisdiction cannot render judgment but must dismiss the cause *at any* stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (emphasis in original).  Because "[a] court may not exercise authority over a case for which it does not have subject matter jurisdiction. . . . once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (internal punctuation and citations omitted). When a court

determines that there is no jurisdiction to hear the dispute the court should dismiss the claims without prejudice. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002).

The previous Memorandum Decision from which Plaintiffs appeal contained an analysis based on the merits of Plaintiffs' claims. *See generally* Memo. Decision [Docket No. 60]. Furthermore, the Decision resulted in a dismissal of Plaintiffs' claims with prejudice. *Id.* Having found that the *Rooker-Feldman* doctrine is applicable and bars all of the Plaintiffs' claims, this Court does not have subject matter jurisdiction to decide on the merits of the claims. The Court hereby vacates the previous Decision and enters this decision dismissing Plaintiffs' claims without prejudice based on the lack of subject matter jurisdiction. *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002).

IT IS SO ORDERED.

DATED this 17th day of October, 2013.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT